# EXHIBIT "C"

Danielle Hultenius Moore (SBN 232480)
E-Mail: dmoore@fisherphillips.com
Bret Martin (SBN 304658)
E-Mail: bmartin@fisherphillips.com
Benjamin P. Carney (SBN 317206)
E-Mail: bcarney@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
TARA MATERIALS, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO – HALL OF JUSTICE

| | |
|---|---|
| MARTIN ORTIZ, individually, and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARA MATERIALS, INC., a Georgia corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 37-2021-00001473-CU-OE-CTL<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the Honorable Eddie C. Sturgeon, Dept. C-67*<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, TARA MATERIALS, INC.**<br><br>Complaint Filed: 01/13/2021<br>Trial Date:     None set |

Defendant, TARA MATERIALS, INC., ("Defendant") responds to Plaintiff MARTIN ORTIZ's ("Plaintiff") complaint (the "Complaint") as follows:

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint.

Herein, the terms "Plaintiff" and "Plaintiffs" refer to both Plaintiff MARTIN ORTIZ and to any member of any putative class and/or representative group that MARTIN ORTIZ seeks to represent. The terms "his," "her," "he," "she", "they", and "them" as used below refer to any person or persons of any gender or gender identity.

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs' claims are subject to binding, contractual arbitration agreements. Defendant expressly reserves the right to bring a motion to compel the Complaint, and/or the claims of any of the Plaintiffs asserted in the Complaint, to binding arbitration pursuant to arbitration agreements executed by Plaintiffs. Accordingly, Defendant's rights to compel arbitration or to oppose class certification based on such arbitration agreements, is hereby reserved.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to: Code of Civil Procedure sections 335.1, 337, 340(a), (b), 338(a), 339, and 343, and Business & Professions Code section 17208.

**THIRD AFFIRMATIVE DEFENSE**

3. By their conduct, Plaintiffs have waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiffs are estopped by their conduct from recovering any relief sought in the Complaint, or in any purported cause of action alleged therein.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiffs' claims are barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs are guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs' claims are barred under the doctrine of collateral estoppel and res judicata.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The acts of the unnamed doe-defendants of which Plaintiff complains were all undertaken outside the scope of their agency with this answering Defendant and without the

knowledge or consent of this answering Defendant and this answering Defendant may not be held liable therefor.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiffs were paid all wages due on a timely basis as required by the California *Labor Code,* including but not limited to Sections 201, 202, 203, 204, and 510.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiffs' claims for waiting time penalties pursuant to California *Labor Code* § 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiffs were compensated as required by law.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claim alleging that he and/or the class are owed unpaid wages, penalties, and other compensation based on Defendant's alleged failure to pay for all hours worked lacks merit to the extent that work performed by Plaintiffs was not authorized, suffered, or permitted by Defendant and/or was performed without Defendant's knowledge and/or control, as set forth by applicable law.

### TWELFTH AFFIRMATIVE DEFENSE

12. At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiffs was lawful.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. An award of penalties against Defendant under the circumstances of this case would constitute an excessive fine and otherwise be unconstitutional to the extent that the penalty is disproportionate to the Plaintiffs' actual loss.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiffs have been paid all wages owed.

/ / /

/ / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiffs are barred from collecting a meal-period premium to the extent that Plaintiffs took an off-duty meal period of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order, and any interruption during said meal periods was "de minimis," as permitted by law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     Plaintiff's claim that he and/or the class were unlawfully denied their right to meal periods is barred to the extent that Plaintiffs were "provided" a meal period within the meaning of Sections 226.7 and 512 of the *Labor Code*, or as required by Section 11 of the applicable Industrial Welfare Commission Wage Order.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods because any instances were a result of Plaintiffs' own decisions and/or their failure to follow Defendant's lawful policies and/or instructions with regard to such meal periods.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiff's claim that he and/or the class were unlawfully denied their right to rest periods is barred to the extent that Plaintiffs were "authorized and permitted" to take a rest period within the meaning of Sections 226.7 and 512 of the *Labor Code*, or as required by Section 11 of the applicable Industrial Welfare Commission Wage Order.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods because any such instances were a result of Plaintiffs' own decisions and/or their failure to follow Defendant's lawful policies and/or instructions with regard to such rest periods.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely meal periods to the extent that Plaintiffs were relieved

of duty at times and during circumstances required by law and nonetheless chose unilaterally to continue working during such times.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendant is not liable for wage premiums or penalties related to missed, skipped, short, interrupted, incomplete, or untimely rest periods to the extent that Plaintiffs were relieved of duty at times and during circumstances required by law and nonetheless chose unilaterally to continue working during such times.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The Class allegations set forth in the Complaint are barred as a matter of law because the named Plaintiff lacks standing, and thus, cannot represent the interests of the putative Class Members as to each purported cause of action therein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. This suit may not be properly maintained as a class action because Plaintiff cannot establish, *inter alia*, (1) an ascertainable class; (2) that a class action is the superior or an appropriate method for fair and efficient adjudication of the claims in the Complaint; (3) that common issues of fact and/or law predominate; (4) that Plaintiff's claims are representative or typical of the claims of the putative class; (5) that Plaintiff is a proper class representatives; (6) that the named Plaintiff and his counsel will adequately represent the interests of the class; (7) that there is a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the putative class; and/or (8) that the class is sufficiently numerous for class treatment and/or such that joinder is impractical.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Certain interests of the putative Class are in conflict with the interests of all or certain sub-groups of the members of the alleged Class of persons, which the named Plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims and those of the putative members of the purported class defined in the Complaint brought pursuant to California *Business and Professions Code* section 17200,

et seq. are barred in light of the fact that Plaintiff and the purported Class members have an adequate remedy at law.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiffs' request for equitable relief is barred and/or improper to the extent that Plaintiffs have an adequate remedy at law in that Plaintiffs also request monetary damages, interest and an award of attorneys' fees and costs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendant's conduct toward Plaintiffs, including with regard to compensation and provision of meal and rest periods, and furnishing of wage statements, was at all times justified and undertaken in a good faith belief that Defendant was in full compliance with the law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiffs' claims for penalties pursuant to Cal. Lab. Code § 226(e) are barred because they cannot show that they were injured by any wages statements furnished by Defendant.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred to the extent any of the Plaintiffs have executed a legally enforceable compromise and release of any claims asserted in this lawsuit.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Any amounts that Plaintiffs claim are owed to them are offset to the extent there are amounts owed to Defendant by the Plaintiffs.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs' claims for penalties are barred by the due process clause of the Fourteenth Amendment to the United States Constitution and Article I., Section 15 of the California Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Plaintiffs' claim for civil penalties under California's Private Attorneys General Act of 2004, as amended, *Labor Code* § 2698 et seq. ("PAGA") is barred to the extent that

Plaintiff, and any person on whose behalf relief is sought, failed to exhaust administrative remedies including but not limited to a failure to satisfy the pre-filing notice requirements set forth in California *Labor Code* section 2699.3 and not complying with the statutorily mandated waiting period.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Any penalties available to Plaintiff under PAGA, and any person on whose behalf relief is sought, are subject to equitable reduction pursuant to California *Labor Code* § 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary, oppressive, and confiscatory.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     The penalties sought by Plaintiff pursuant to PAGA are barred to the extent PAGA is unconstitutional, in that it violates, among other things, Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     To the extent that the other allegedly aggrieved employees have not been harmed or injured by the alleged California *Labor Code* 226 violation, California *Labor Code* 226 cannot be a basis for PAGA penalties.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Plaintiff lacks standing to represent any other allegedly aggrieved employees under PAGA because Plaintiff's claims, and the circumstances of his employment, are unique to Plaintiff.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff is not a proper or adequate representative with respect to some or all of the claims and relief sought under the PAGA.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Plaintiff's representative action under the PAGA is not manageable because it would require the testimony of each of the persons on whose behalf civil penalties and other

relief is sought in order for there to be recovery of penalties and other relief on any such persons' behalf.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims cannot proceed as a representative action because Plaintiff is not an "aggrieved employee."

**WHEREFORE**, this answering Defendant prays as follows:

1. That Plaintiff take nothing by his Complaint for damages;
2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;
3. That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and
4. That the court award such other and further relief as it deems appropriate.

DATE: March 2, 2021                    **FISHER & PHILLIPS LLP**

By: _____
Danielle H. Moore
Bret Martin
Benjamin P. Carney
Attorneys for Defendant
TARA MATERIALS, INC.

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On March 2, 2021, I served the following document(s) **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, TARA MATERIALS, INC.** on the person(s) listed below by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Justin F. Marquez  Tel: 213-381-9988
Benjamin H. Haber  Fax: 213-381-9989
Rachel J. Vinson  Email: justin@wilshirelawfirm.com;
WILSHIRE LAW FIRM  benjamin@wilshirelawfirm.com;
3055 Wilshire Boulevard, 12th Floor  rvinson@wilshirelawfirm.com
Los Angeles, California 90010

Attorneys for Plaintiff MARTIN ORTIZ

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601. The fax reported no errors. A copy of the transmission report is attached.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☒ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐ **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed March 2, 2021, at San Diego, California.

Joy A. Lloyd   By: _Joy A. Lloyd_
Print Name        Signature

1
PROOF OF SERVICE             EXHIBIT C, Page 44
FP 39919015.2