UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ORTIZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARA MATERIALS, INC., a Georgia corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 21-cv-00373-AJB-AHG<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On April 1, 2021, the Court ordered the parties to file supplemental briefs on whether there is subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. (Doc. No. 7.) The Court is in receipt of the parties' filings. (Doc. Nos. 9, 10.) Upon consideration of the filings and applicable law, the Court **REMANDS** this case for lack of subject matter jurisdiction.

I.   BACKGROUND

Martin Ortiz ("Plaintiff") brought this putative class action against his former employer Tara Materials, Inc. ("Defendant") for (1) failure to pay minimum and straight time wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4)

1

failure to authorize and permit rest periods; (5) failure to timely pay final wages at termination; (6) failure to provide accurate itemized wage statements; and (7) unfair business practices under California law. (Doc. No. 1-5.) Plaintiff filed suit in the Superior Court for the County of San Diego, and Defendant removed the action to federal court on March 3, 2021 (Doc. Nos. 1-5, 1-6.)

## II. LEGAL STANDARD

The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." *Id.* Even if the question of a federal court's jurisdiction is not raised by the parties, lack of jurisdiction may be considered by the court as it is a threshold question. *Id.*

The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1441(a), (b); 28 U.S.C. §§ 1331, 1332(a). "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see* 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also McNutt v. Gen. Motors Acceptance Corp., Inc.*, 298 U.S. 178, 189 (1936) (finding that the removing party must prove its allegations by a preponderance of the evidence).

## III. ANALYSIS

According to its notice of removal, Defendant removed this case based on diversity jurisdiction. (Doc. No. 1 at 9.) Desfendant alleged that the amount-in-controversy

requirement is met because Plaintiff's and the alleged class members' claims, "in the aggregate," exceed $75,000. (*Id.* at 14.) In response to the Court's order requesting additional briefing on whether Plaintiff's and the putative class members' claims may be aggregated to satisfy the amount-in-controversy requirement, Defendant shifted gears and argued that Plaintiff's claims alone could satisfy the amount in controversy. (Doc. No. 9 at 7.) Plaintiff asserted that: (A) case law is clear that Defendant's method of aggregating the class members' claims is improper for calculating the amount in controversy; and (B) the Court should disregard Defendant's new argument for removal as untimely. (Doc. No. 10 at 11–14.) The Court agrees.

**A. Claims Cannot Be Aggregated to Satisfy Amount in Controversy**

As previously noted, the Court ordered the parties to file briefs addressing whether Plaintiff's and the putative class members' claims may be aggregated to show that the amount in controversy exceeds $75,000. (Doc. No. 7 at 1–2.) The Court also instructed the parties to discuss the applicability of *Urbino v. Orkin Servs. Of California, Inc.,* 726 F.3d 1118 (9th Cir. 2013). To be sure, Defendant is correct that *Urbino* considers representative actions brought under California's Private Attorneys' General Act (Cal. Lab. Code § 2698 et seq.) ("PAGA"), which this case does not. That distinction, however, is not dispositive because in discussing aggregation for purposes of subject matter jurisdiction, the *Urbino* court did not engage in an analysis specific to PAGA claims. *Id.* at 1122–23. It relied on several Supreme Court decisions holding that for claims of class members to be aggregated to satisfy the amount in controversy, the class members must have a common and undivided interest. *See, e.g.*, *Snyder v. Harris*, 394 U.S. 332, 336 (1969) ("[W]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount."); *Troy Bank v. G.A. Whitehead & Co.* 222 U.S. 39, 40 (1911) (stating that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement). *See also Gibson v. Chrysler Corp.,* 261 F.3d 927, 944 (9th Cir. 2001) (stating that the anti-aggregation rule has been discussed

extensively in this circuit and aggregation is only appropriate when a defendant "owes an obligation to the group of plaintiffs . . . and not to the individuals severally"). The relevant question, then, is whether the alleged class members have a common and undivided interest such that the amount of their claims may be aggregated.

The character of the interest asserted depends on the source of the plaintiffs' claims. *Eagle v. Am. Tel. & Tel. Co.,* 769 F.2d 541, 546 (9th Cir. 1985). "If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct." *Id.* Only where the defendant "owes an obligation to the group of plaintiffs as a group and not to the individuals severally," will a common and undivided interest exist. *Gibson*, 261 F.3d 927, 944 (9th Cir.2001) (quoting *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1262 (11th Cir. 2000)). Instructive here, the *Urbino* court considered the following when determining whether the employees' claims in that case were common and undivided:

> Aggrieved employees have a host of claims available to them—e.g., wage and hour, discrimination, interference with pension and health coverage—to vindicate their employers' breaches of California's Labor Code. **But all of these rights are held individually. Each employee suffers a unique injury—an injury that can be redressed without the involvement of other employees.** *Troy Bank,* 222 U.S. at 41 (explaining that an interest is common and undivided when "neither party can enforce the claim in the absence of the other"). Defendants' obligation to them is not "as a group," but as "individuals severally." *Gibson,* 261 F.3d at 944 (quotation omitted).

*Urbino,* 726 F.3d at 1122 (alterations omitted and emphasis added). The court concluded that diversity jurisdiction did not lie because the plaintiffs' claims were separate and distinct and therefore could not be aggregated.

Like the plaintiffs in *Urbino,* Plaintiff and the putative class members in this case raise a host of employment claims arising from rights that each of them hold individually and can be redressed without the involvement of other employees. *See id.* And Defendant does not owe an obligation to its employees as a group, but to each of them as individuals severally. *See id.* Defendant made no arguments to the contrary.

For the foregoing reasons, the Court finds that the claims alleged by the purported class members are separate and distinct, and thus, cannot—contrary to what Defendant asserted in its notice of removal—be aggregated for purposes of satisfying the amount-in-controversy requirement. *See id.* Accordingly, because Defendant's asserted basis for removal does not establish the requisite amount in controversy for diversity jurisdiction, Defendant has not carried its burden to show that removal was proper. *See Gaus*, 980 F.2d at 566; *McNutt*, 298 U.S. at 189.

## B. Defendant Cannot Assert a New Substantive Basis for Removal

In an attempt to salvage its defective notice of removal, Defendant requests the Court to consider a new argument: that Plaintiff's claims alone are sufficient to satisfy the amount-in-controversy requirement. The Ninth Circuit has explained that "since removal must be effected by a defendant within 30 days after receiving a copy of the complaint (28 U.S.C. § 1446), the removal petition cannot be thereafter amended to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (citation omitted).

Here, the 30 days for filing and amending the notice removal have passed. Plaintiff effectuated service of the Complaint on Defendant on February 6, 2021. (Doc. No. 1 at 6.) Defendant therefore had until March 8, 2021, to file the notice of removal and any amendments thereto. *See, e.g.*, *Bicek v. C & S Wholesale Grocers, Inc.*, No. 2:13-cv-00411-MCE, 2013 WL 4009239, at *3 (E.D. Cal. Aug. 5, 2013) ("It is well settled that the defendant's notice of removal may be amended freely prior to the expiration of this initial thirty-day period."). Defendant, however, did not seek to amend its removal petition until April 16, 2021—when it sought to address the Court's concerns regarding whether it appropriately aggregated the class members' claims to satisfy the amount-in-controversy requirement. (Doc. No. 9 at 12–13.) Because Defendant seeks to amend its removal petition after the 30 days has expired, the Court has discretion to prohibit the amendment. *See Bicek*, 2013 WL 4009239, at *3 ("If the removing party seeks to cure a defect in the removal petition after the thirty day period has elapsed[,] the court has

discretion to prohibit such an amendment." (quoting *Hemphill v. Transfresh Corp.*, No. C-98-0899-VRW, 1998 WL 320840, at *4 (N.D. Cal. June 11, 1998)).

The Court finds that Defendant seeks to amend its removal petition not simply to clarify a prior allegation, but rather, to add a basis for satisfying the amount-in-controversy requirement entirely different in substance to that originally alleged. Indeed, the notice of removal makes clear that Defendant based its amount-in-controversy allegations on an aggregation of the putative class members' claims. There was no ambiguity in Defendant's position. Because Defendant's requested amendment reveals not a clarification of Defendant's reasoning, but rather, a change in reasoning, the Court exercises its discretion to prohibit the amendment. *See Barrow*, 418 F.2d at 317; *Bicek*, 2013 WL 4009239, at *3. Accordingly, the Court declines Defendant's request to consider its new and untimely substantive argument in support of removal.

### III.  CONCLUSION

For the reasons stated herein, the Court finds that Defendant has not carried his burden of establishing that it properly removed this case. Accordingly, the Clerk of Court is instructed to **REMAND** the action to the Superior Court for San Diego County.

**IT IS SO ORDERED.**

Dated: December 17, 2021

Hon. Anthony J. Battaglia
United States District Judge